NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0439n.06

No. 08-2174

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jun 25, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **FRIEDEL M. ACKER,** | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | |
| | ) | **O P I N I O N** |
| **WORKHORSE SALES CORPORATION,** | ) | |
| | ) | |
| *Defendant-Appellee*. | ) | |
| | ) | |
| | ) | |
| | ) | |

BEFORE:   COLE and ROGERS, Circuit Judges; and BARRETT, District Judge.[*]

**COLE, Circuit Judge.**   Plaintiff-Appellant Friedel M. Acker appeals the district court's summary judgment in favor of Defendant-Appellee Workhorse Sales Corporation ("Workhorse") on Acker's claim of age discrimination under the Michigan Elliot Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws §§ 37.2201, et seq. Acker also appeals the district court's denial of his motion for reconsideration of the court's grant of summary judgment. Acker alleges that Workhorse terminated him because of his age in violation of the ELCRA. Workhorse moved for and the district court granted summary judgment because Acker had failed to put forth any direct evidence of discrimination and because Acker failed to demonstrate a genuine issue of material fact

_____

[*]The Honorable Michael R. Barrett, United States District Court for the Southern District of Ohio, sitting by designation.

as to whether Workhorse's third reduction-in-force was pretext for discrimination. *Acker v. Workhorse Sales Corp.*, No. 06-cv-14467, Doc. No. 62, at *16-18 (E.D. Mich. Apr. 28, 2008). Finding no error in its previous decision, the district court subsequently denied Acker's motion for reconsideration. *Acker v. Workhorse Sales Corp.*, No. 06-cv-14467, 2008 WL 4104499, at *5 (E.D. Mich. Sept. 2, 2008).

This Court reviews a grant of summary judgment de novo. *Sullivan v. Or. Ford, Inc.*, 559 F.3d 594 (6th Cir. 2009) (citing *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006)). The moving party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). We view factual evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *See Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 487 (6th Cir. 2006).

We have carefully reviewed the parties' briefs, the applicable law, and the district court's order granting summary judgment to Workhorse. We agree that no genuine issues of material fact exist and defendants are entitled to judgment as a matter of law. Because the district court's decision is well-reasoned, we find no reason to expand on its analysis. Therefore, we **AFFIRM** the grant of summary judgment to Workhorse for the reasons stated in the district court's opinion.